UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Richard Fageroos, Jr.,

      Plaintiff,

v.

Shelby Richardson, *Executive Director Minnesota Sex Offender Program*; Kevin Moser, *MSOP-Moose Lake Facility Director*; Blake Carey, *Complex, 1-A Unit Director*; Peter D. Puffer, *MSOP-Moose Lake Clinical Director*; Rick O'Conner, *Security Counselor*; Justina Wandling, *Primary Therapist Unit 1-D*; Kelli Bodie-Miner, *Clinical Supervisor Unit 1-D*; Julianna Beavens, *Group Supervisor/Office of the Day*; Allison Collins, *Primary Therapist Complex 1-A*; Heidi Menard; and Department of Human Services.

      Defendants.

File No. 16-cv-04230 (ECT/ECW)

**ORDER ACCEPTING REPORT AND RECOMMENDATION**

---

Plaintiff Richard Fageroos, Jr., who is civilly committed in the Minnesota Sex Offender Program ("MSOP"), commenced this action pro se by filing a complaint under 42 U.S.C. § 1983; he alleges several constitutional violations arising out of his 75-day confinement in the High Security Area ("HSA"), which occurred after he refused to move to his new room assignment. Compl. [ECF No. 1]. Essentially, Fageroos brings three varieties of constitutional claims (procedural-due-process and substantive-due process claims under the Fourteenth Amendment, as well as Fourth Amendment claims), each premised on two alleged wrongs: (1) his confinement in the HSA and (2) his deprivation

of mail during that confinement. This case is before the Court on a Report and Recommendation [ECF No. 50] issued by Magistrate Judge Leo I. Brisbois. Magistrate Judge Brisbois recommended granting Defendants' motion to dismiss. R&R at 17–18. Fageroos has objected to the Report and Recommendation. ECF No. 51. Defendants responded, arguing that the Report and Recommendation should be adopted in its entirety. ECF No. 52. Because Fageroos has objected, the Court is required to review the Report and Recommendation de novo pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3). The Court has undertaken that de novo review and has concluded that Magistrate Judge Brisbois's analysis and conclusions are correct.

I

A

Magistrate Judge Brisbois correctly concluded that Fageroos's claims against Defendants in their official capacities seeking monetary damages should be dismissed for lack of subject-matter jurisdiction because "Plaintiff has not established that Minnesota has waived its immunity from damages for any of the claims at issue in this case, nor has Plaintiff established that Congress abrogated Minnesota's immunity with respect to any of the claims at issue." R&R at 7 (citing *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997)). And Fageroos seems to agree with this aspect of the Report and Recommendation. *See* Obj. at 2 ("Plaintiff recognizes and understands that he cannot recover damages against Defendants in their official capacities. . . . If Plaintiff's claims are barred by sovereign immunity, then it is certainly true that this case must be summarily dismissed for lack of subject matter jurisdiction."). But because this is a dismissal for lack of subject-matter

jurisdiction, dismissal is properly without, rather than with, prejudice. *See, e.g.*, *Gardner v. Minn.*, No. 16-cv-03999 (JNE/KMM), 2019 WL 1084714, at *4 (D. Minn. Jan. 19, 2019) (concluding court lacked subject-matter jurisdiction over § 1983 claims against State of Minnesota, DHS, and MSOP, as well as claims for monetary damages against individual defendants in their official capacities, based on Eleventh Amendment sovereign immunity, and dismissing without prejudice), *R&R adopted*, 2019 WL 1086338 (D. Minn. Mar. 7, 2019); *Benson v. Piper*, No. 17-cv-266 (DWF/TNL), 2019 WL 2017319, at *3–4 (D. Minn. Jan. 25, 2019) ("[T]o the extent Plaintiff seeks monetary damages against Defendants in their official capacities, the Court recommends that such claims be dismissed without prejudice."), *R&R adopted*, 2019 WL 1307883 (D. Minn. Mar. 22, 2019). The Report and Recommendation will be modified in this respect. *See* R&R at 7, 18; *see also Hart v. United states*, 630 F.3d 1085, 1091 (8th Cir. 2011) (affirming dismissal for lack of subject-matter jurisdiction but modifying the dismissal to be without prejudice)

B

Magistrate Judge Brisbois also recommended dismissing Fageroos's § 1983 claims against the individual-capacity Defendants for violating his procedural-due-process rights under the Fourteenth Amendment. R&R at 10. He properly found that even liberally construing the complaint, Fageroos "failed to allege sufficient facts to support a plausible claim." *Id.* As for Fageroos's procedural-due-process claim based on his placement and confinement in the HSA, his only allegation is that his rights were violated because he was never out of behavioral control as required by MSOP policy. Compl. ¶ 26 [ECF No. 1]. But the Eighth Circuit has recognized that placing a civilly committed individual "in

3

seclusion for a short period of time"—there, approximately two hours—based on "uncooperative" behavior and an inability "to follow directions" is a "reasonable means" of effectuating a legitimate government objective of "maintaining order and efficiently managing the facility." *Hall v. Ramsey Cty.*, 801 F.3d 912, 919–20 (8th Cir. 2015) (finding no violation of procedural due process under the Fourteenth Amendment). And Fageroos never alleges that he was deprived of the opportunity to be heard or to appeal the decision to temporarily place him in the HSA. In fact, his complaint confirms that he received verbal and written notice of why he was placed in the HSA, and that he chose to remain in the HSA. *See* Compl. ¶¶ 10–14, 17 ("Fageroos declined to speak with staff about moving and remains in the [HSA]."; *see also Favors v. Hoover*, No. 13-cv-428 (JRT/LIB), 2014 WL 4954687, at *14 (D. Minn. Sept. 30, 2014) ("Instead, the record shows [plaintiff] received notice and an opportunity to contest his isolation—the sort of process approved of in cases like *Senty-Haugen* [*v. Goodno*, 462 F.3d 876, 886 (8th Cir. 2006)]."). This holding is consistent with a recent analogous case in the District, *Schlumpberger*, which involved another plaintiff who was placed in HSA at MSOP after refusing to move to his newly assigned room. *See Schlumpberger v. Osborne*, No. 16-cv-78 (SRN/TNL), 2019 WL 1118912, at *5–9 (D. Minn. Jan. 25, 2019), *R&R adopted*, 2019 WL 927322 (D. Minn. Feb. 26, 2019) ("Even if Schlumpberger's placement in HSA/Protective Isolation implicated a protected liberty interest, he fails to allege that he received less process than he was due.").

So too with Fageroos's procedural-due-process claim based on the restriction of his mail while he was in the HSA. As Judge Brisbois recognized, there are no allegations in

4

the complaint about Plaintiff "attempt[ing] to utilize the procedures for appeal of the temporary restriction of his mail" or that "Defendants prevented him from doing so." R&R at 11; *accord Green v. Lake*, No. 14-cv-1056 (ADM/SER), 2019 WL 1324851, at *6 (D. Minn. Mar. 25, 2019) (adopting R&R's dismissal of procedural-due-process claims for confinement in HSA for more than 24 hours because plaintiff "does not allege any facts to show that he received less process than was due," such as "that he invoked MSOP's grievance procedure to challenge his HSA placement"). Accordingly, his procedural-due-process claims are properly dismissed without prejudice for failure to state a claim.

C

Fageroos also brings substantive-due-process claims relating to his HSA confinement and mail restrictions, which Judge Brisbois again recommends dismissing for failure to state a claim. *See* R&R at 14–15. It cannot be said that keeping an individual in HSA for 75 days without mail while offering daily that he could leave confinement for his new room assignment "rise[s] to the level of being so severely egregious or outrageous as to demonstrate a brutal and inhumane abuse of power shocking to the conscience." *Benson*, 2019 WL 2017319, at *26. "It is well-settled that segregated confinement," in and of itself, "is *not* a hardship that can give rise to an actionable due process claim." *Ahmed v. Fenesis*, No. 05-cv-2388 (JRT/FLN), 2007 WL 2746842, at *9 n.6 (D. Minn. Sept. 19, 2007); *see also Portley-el v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) ("We have consistently held that administrative and disciplinary segregation are not atypical and significant hardships . . . ."); *Kennedy v. Blankenship*, 100 F.3d 640, 642–43 & n.2 (8th Cir. 1996) (placement

5

in punitive isolation was not an atypical or significant deprivation of liberty, despite including restrictions in mail, telephone, visitation, commissary, and personal-possession privileges). Nor is the length of confinement, made lengthy only because of Fageroos's own choices, "so 'atypical and significant' to trigger the protections of the Due Process clause." *Haggins v. Minn. Comm'r of Corrections*, Civ. No. 10-1002 (DWF/LIB), 2011 WL 4477320, at *4 (D. Minn. July 5, 2011) (collecting cases supporting fact that 19-month punitive segregation was not a due-process violation), *R&R adopted*, 2011 WL 4477319 (D. Minn. Sept. 27, 2011). Again, this holding is consistent with District precedent applying the Fourteenth Amendment to a nearly identical fact pattern. *See Schlumpberger*, 2019 WL 1118912, at *9–11 (dismissing substantive-due-process claim for implausibility because even though the HAS "implicates Plaintiff's interest in being free from unnecessary bodily restraint," he did not allege conscience-shocking treatment").

D

Finally, the Report and Recommendation recommends dismissing Fageroos's claim for an unconstitutional seizure in violation of the Fourth Amendment based on his detention in the HSA. First, Fageroos argues that the first 24-hour detention was unconstitutional because he was not out of behavioral control. But "[t]he decision to place a civilly committed individual in HSA is presumptively valid if made by a professional," *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982), and Fageroos "alleges no facts to show that his confinement in HSA was a departure from accepted practice or was not based on professional judgment," *Green*, 2019 WL 1324851, at *5. Fageroos also argues that it was unconstitutional to detain him for more than 24 hours when was not out of behavioral

control. But the record—including allegations in Fageroos's own complaint—supports Defendants' position that Fageroos was authorized to leave the HSA the very same day he was placed therein. *See* Compl. ¶ 12; Resp. at 5; *see also* R&R at 15. It was Fageroos who refused to leave the HSA because he refused to move to his newly assigned room, "and thus, he voluntarily chose to remain in the HSA." R&R at 15. He continued to choose to remain in the HSA despite being asked if he was ready to leave on a daily basis. *Id.* Such a voluntary decision does not form the basis for a Fourth Amendment claim. *Id.* at 15–16 (citing *Florida v. Bostick*, 501 U.S. 429, 439 (1991) ("The Fourth Amendment proscribes unreasonable searches and seizures; it does not proscribe voluntary cooperation.")). What's more, like Magistrate Judge Brisbois and the *Schlumpberger* court concluded, the violation of a liberty interest in this context is more properly viewed through the lens of a due-process claim. *See* R&R at 16; *Schlumpberger*, 2019 WL 1118912, at *12; *see also Whipple v. Edwards*, No. 13-cv-2861 (JRT/HB), 2019 WL 2016782, at *11 (D. Minn. Jan. 14, 2019) (dismissing Fourth Amendment claim for 100-day confinement at MSOP, reasoning that the Fourth Amendment Claim fails for the same reasons as plaintiff's procedural and substantive due-process claims), *R&R adopted in relevant part*, 2018 WL 1324862 (D. Minn. Mar. 25, 2019).

Magistrate Judge Brisbois also concluded that the temporary restriction of Fageroos's mail did not implicate his property rights under the Fourth Amendment. R&R at 16. Fageroos has not cited, nor has the Court independently located, any precedent for assessing a mail-deprivation claim under the Fourth Amendment. *See id.* Like the Magistrate Judge concluded, "the Eighth Circuit has consistently held that temporarily

withholding mail from confined persons is constitutional." *Id.* (citations omitted). Fageroos objects that "75 days is not temporary," Obj. at 15, but there is ample authority that mail deprivations for similar or greater periods of time are constitutional (albeit under different constitutional provisions). *See, e.g.*, *Little v. Norris*, 787 F.2d 1241, 1243 (8th Cir. 1986) (noting that "[t]he purpose of withholding personal mail is to make punitive isolation unpleasant, and thereby discourage improper behavior and promote security within the prison"); *cf. Gregory v. Auger*, 768 F.3d 287, 289 (8th Cir. 1985) (concluding 60-day withholding of mail did not violate First Amendment, and noting that "the Reformatory could properly have established mail procedures far more restrictive than this, so long as the disciplinary withholding of mail was only to be temporary), *cert. denied*, 474 U.S. 1035 (1985); *Jackson v. Brookhart*, 640 F. Supp. 241, 242 (S.D. Iowa 1986) (citing *Gregory* and affirming constitutionality of withholding mail for 286 days while plaintiff was in isolation). And even if mail deprivation could implicate Fourth Amendment property rights, Defendants would be entitled to qualified immunity because it was not clearly established that such a deprivation was unconstitutional. Fageroos's Fourth Amendment claims will therefore be dismissed without prejudice for failure to state a claim.

E

In his objection, Fageroos refers to several new claims that were understandably not addressed by the Report and Recommendation. Specifically, he references his entitlement to a pre-deprivation hearing before being placed in the HSA, Obj. at 8, and a First Amendment right to send and receive mail, Obj. at 13. Generally, a plaintiff cannot add


allegations to his complaint through a brief. *See Morgan Distrib. Co.*, 868 F.2d 992, 995 (8th Cir. 1989). And even if the Court were to liberally construe Fageroos's brief as an implicit motion to amend, that motion would be denied as futile because those claims would fail to state a claim. *See Lansing v. Wells Fargo Bank, N.A.*, 894 F.3d 967, 973–74 (8th Cir. 2018) ("Although leave to amend shall be given freely when justice so requires, see Fed. R. Civ. P. 15(a)(2), a district court properly denies leave when a proposed amendment would be futile."). As in *Schlumpberger*, Fageroos has not alleged (in his original complaint or in his objection) how not receiving a hearing prior to being placed in the HSA constituted punishment. 2019 WL 1118912, at *8; *see also Yazzi v. Moser*, No. 12-cv-399 (PAM/JJK), 2014 WL 3687110, at *3 ("At most, [the MSOP] Plaintiffs have asserted that they were entitled to a hearing before being detained. Yet they do not go further, as they must, and allege how being denied a hearing under the circumstances constituted punishment.").

Fageroos also references his "claim of violation of First Amendment right to send and receive mail and a claim of retaliation for his exercise of his First Amendment rights." Obj. at 13. As Defendants correctly argue in their responsive brief, "[t]hese arguments must be disregarded because his Complaint did not assert a First Amendment claim . . . . [a]nd, in any event, *Gregory*, 768 F.2d at 289[,] and *Jackson*, 640 F. Supp. at 242[,] rejected similar First Amendment arguments." Resp. at 4 n.4. These claims raised for the first time in Fageroos's objection are futile as well. *See, e.g.*, *Jackson v. Riebold*, 815 F.3d 1114, 1123 (8th Cir. 2016) (affirming district court's denial of pro se party's motion for leave to amend his complaint as futile).

9

II

Also pending before the Court is Defendants' appeal [ECF No. 28] of Magistrate Judge Brisbois's January 30, 2019 Order [ECF No. 34] striking without prejudice Defendants' first motion to dismiss [ECF No. 10]. Judge Brisbois struck the first motion to dismiss as filed in error based in part on confusion over which defendants were represented by defense counsel, and in which capacities (individual or official). *See* ECF No. 34 at 1–2. The gist of the order is that if the Minnesota Attorney General's Office represents to the Court that it accepts service on behalf of a named defendant, it is accepting service as to the entirety of the complaint—in other words, that service of process for purposes of acquiring personal jurisdiction is effected on a named defendant only once, even if the complaint asserts both individual- and official-capacity claims. *See id.* at 3–4. Defendants requested permission to file a motion for reconsideration [ECF No. 36], which Magistrate Judge Brisbois denied [ECF No. 39], and filed an appeal to this Court [ECF No. 38]. But a week after objecting, Defendants re-filed their motion to dismiss, this time clarifying that it was filed on behalf of all Defendants in their individual and official capacities. *Compare* ECF No. 10 at 1 (first motion signed by "Attorney for Defendants Beavens, Bodie-Miner, Carey, Collins, Moser, O'Connor, Puffer and Wandling," but not Defendants Richardson, Menard, and DHS) *and* ECF No. 13 at 1 n.1 (supporting memorandum stating that "the undersigned represents Defendants Beavens, Bodie-Miner, Carey, Collins, Moser, O'Connor, Puffer and Wandling . . . in their individual and official capacities"), *with* ECF No. 40 at 1 (second motion signed by "Attorney for Defendants," without limitation) *and* ECF No. 42 at 5–9 (addressing claims against all Defendants,

including Richardson, Menard, and DHS). In fact, Defendants' appeal expressly notes that "the [Attorney General's Office] now represents all Defendants in their individual and official capacities." Obj. at 1 n.1.

This renders Defendants' appeal of Magistrate Judge Brisbois's order moot. "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the [matter] is considered moot." *Cromeans v. Morgan Keegan & Co.*, 859 F.3d 558, 565 (8th Cir. 2017) (first alteration in original) (citation and internal quotation marks omitted). When an issue becomes moot, courts must "refrain from reaching the merits because any opinion issued would be merely advisory." *Missouri ex rel. Nixon v. Craig*, 163 F.3d 482, 484 (8th Cir. 1998); *see also Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (en banc) ("If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction."). This issue is the quintessential definition of mootness, leaving nothing for the Court to decide: whether the Court affirms or reverses the order, defense counsel now represents all Defendants. It is unclear, if not impossible, what effectual relief the Court could grant to the Defendants even by sustaining their objection and reversing Magistrate Judge Brisbois's order. *See Hernandez v. Holder*, 760 F.3d 855, 862 (8th Cir. 2014) ("Because it would be impossible to grant [appellant] relief were we to decide this issue in his favor, we conclude it is moot.").

Defendants have not addressed the mootness issue, beyond alerting the court to the facts potentially implicating mootness, nor raised any exceptions to the mootness doctrine.

11

*See* Obj.; *cf. Craig*, 163 F.3d at 484 n.3 ("The mootness doctrine is of such importance that it is the duty of counsel to bring to the federal tribunal's attention . . . facts that may raise a question of mootness." (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.23 (1997))). Although this service-of-process and representation-and-indemnification issue for state officials is certainly "capable of repetition," it does not appear to be of the type that would evade review. After all, it is conceivable that in some (if not many) future cases the Attorney General's Office would intend to only accept service of process for a defendant in his or her official capacity, and subsequent developments could lead the Court to conclude or assume that same defendant was represented in both the official and individual capacities, when really the Attorney General's Office intended to deny representation and indemnification under Minn. Stat. § 3.736, subd. 9. And as Magistrate Judge Brisbois's Order noted, he was "aware that in other cases [currently pending in the District] . . . counsel for the employees of the State of Minnesota" had discussed the process by which the Attorney General's Office handles representation and indemnification. *See* Order at 4–5 (citing Letter, *Branson v. Moser*, No. 16-cv-2802 (WMW/LIB) (D. Minn. Jan. 26, 2017), ECF No. 21).

The Court therefore does not accept or reject the conclusion that by accepting personal service of summonses the Minnesota Attorney General's Office represents to the Court that it represents all defendants, in both their official and individual capacities; nor does it express any opinion about whether such a rule is required by, compatible with, or in conflict with, Minn. Stat. § 3.736, subd. 9, or Fed. R. Civ. P. 4(j)(2)(B). *See* Obj. at 5. Those questions are left for another day when a decision will make a difference. *See*

*Erickson Transport Corp. v. I.C.C.*, 741 F.2d 1096, 1098 (8th Cir. 1984) (stating "it no longer matters whether we agree with [appellant] on its second issue" because the court's "decision on that issue would make no difference," whichever way it went, and the court "do[es] not sit to decide moot questions or render advisory opinions").

## ORDER

Therefore, based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation [ECF No. 50] is **ACCEPTED** with the additional analysis provided herein;

2. Defendants' Motion to Dismiss [ECF No. 40] is **GRANTED**; and

3. Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

4. Defendants' Objection to the January 30, 2019 Order [ECF No. 38] is **OVERRULED** as **MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: July 12, 2019              s/ Eric C. Tostrud
                                  Eric C. Tostrud
                                  United States District Court